UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20340-CR-WILLIAMS(s)

**UNITED STATES OF AMERICA,**

vs.

**MASPHAL KRY,**

      **Defendant.**

                              /

**RESPONSE IN OPPOSITION TO SUPPLEMENTAL
MOTION TO MODIFY CONDITIONS OF RELEASE**

      The United States of America hereby responds in opposition to defendant's most recent Motion To Modify Conditions of Release [D.E.-156], which seeks to alter the conditions which this Honorable Court previously determined were appropriate to insure the availability of the defendant at trial. *See* D.E.-38, 45.

**BACKGROUND**

      The United States incorporates by reference herein the Background portion of its Response to defendant Kry's Motion To Modify Conditions of Release, D.E.-14, which appear in D.E.-142.

      This Honorable Court denied defendant's initial Motion [D.E-150] but offered the defendant the opportunity to supplement the request with further details and information. Per the prior Orders of Court, *see id.,* defendant is fitted with a GPS monitor which provides an alert to the Probation Office should defendant depart the incarceration location other than at pre-arranged times. It is not actively monitored during those authorized absences.

1

## **DISCUSSION**

Defendant's supplemental information consists of identifying a public park near his place of home confinement and paring down his "ask" to three one-hour unaccompanied walks to, through and back from the park in Springfield, Virginia to the residence he chose for purposes of pre-trial release. His sole argument to justify the alteration of this Honorable Court's previous conditions of release is that he has heretofore abided by those conditions. The mere passage of time does not in the government's view suggest that this Honorable Court's determination of the necessary conditions, as reflected in D.E.-45, aren't as valid now as when first ordered. Trial in this matter is, as trial preparations go, a scant 8 weeks away.

There are no materially changed circumstances cited by defendant to warrant altering what has, to date, successfully insured his availability for trail, as contemplated by the standards set forth in Title 18, United States Code, Section 3142. It is uncontested that Defendant is a foreign national with almost non-existent connections to the United States; all significant elements of his life are centered in Cambodia; and upon flight, he could not be extradited from his home country.

Counsel has conferred to the extent possible with the responsible Probation Officers assigned to this matter, although one was unreachable on annual leave. Neither oppose the Motion as modified, although it has been conceded that during the proposed absences, there would be no active monitoring of the GPS ankle bracelet. The Probation Officers did note that any modification of the current conditions of release to include unsupervised walks as proposed, should be conditioned on no deviations for stops en route without prior approval, e.g., no convenience stores, gas stations, shops, buildings, transportation centers, etc.

## CONCLUSION

Based upon the foregoing, the United States respectfully submits that defendant's supplemental effort to modify his conditions of release should be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ Thomas A. Watts-FitzGerald
Assistant United States Attorney
Florida Bar No. 0273538
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9413

By: /s/ Emily R. Stone
Assistant United States Attorney
Florida Bar No. 92077
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel. 305-961-9407

## CERTIFICATE OF SERVICE

I hereby certify that on July   31st  , 2023 I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

By: /s/ Thomas A. Watts-FitzGerald
Assistant United States Attorney