# EXHIBIT A



**MARK J. MACDOUGALL**
+1 202.887.4510/fax: +1 202.887.4288
mmacdougall@akingump.com

**CONFIDENTIAL**
August 2, 2023

Vaughn A. Ary
Director, Office of International Affairs
U.S. Department of Justice
Criminal Division
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Re: Covert Extraterritorial United States Fish and Wildlife Service Investigation: *United States v. Masphal Kry*, Case No. 1:22-cr-20340-KMW

Dear General Ary:

Our client, Mr. Masphal Kry, is a Cambodian national and Director of the Department of Wildlife and Biodiversity within the Ministry of Agriculture, Forestry and Fisheries of the Royal Government of Cambodia. Mr. Kry was named in a superseding indictment (the "Indictment") in the above-captioned case on November 3, 2022. The Indictment was unsealed on November 16, 2022, after Mr. Kry was arrested at JFK Airport in New York. *See* Exhibit A, Indictment.

The Indictment alleges that between December 19, 2017 and January 30, 2022 Mr. Kry, seven codefendants—one of whom is another Cambodian government official—and two unindicted U.S. companies: (i) conspired to import and smuggle wild-caught long-tailed macaques (*Macaca fascicularis*) from Cambodia into the United States in violation of the Lacey Act, and (ii) imported wild-caught macaques into the United States through the presentation of false and fraudulent CITES Permits and FWS Form 3-177s. To be clear, Mr. Kry's involvement in the alleged conspiracy is limited to the assertion that he delivered 92 macaques to a CITES-approved breeding farm in Cambodia (consistent with instructions given to him by the Ministry of Agriculture, Forestry and Fisheries) and that farm later reclassified the macaques as captive-bred and exported them to the United States.

In the course of conducting our own investigation since our client was arrested, we have learned that U.S. Fish and Wildlife Service ("USFWS") agents executed an unlawful covert investigation in Cambodia, without the knowledge of law enforcement agencies in Cambodia and with the obvious aim of prosecuting Cambodian government officials. In response to our initial



Vaughn A. Ary
August 2, 2023
Page 2

inquiry, the Assistant U.S. Attorney overseeing this case[1] refused to confirm whether he and the USFWS agents acting at his direction complied with the applicable Department of Justice policies concerning international criminal investigations.  Our several inquiries to the leadership of the U.S. Attorney's Office in Miami have likewise failed to yield a productive response – other than the general suggestion that proper procedures were followed – although we understand that they have been in contact with Jeffrey Olson of your Office since our initial inquiry.

The evidence that we have examined confirms that the USFWS, under the direction of an Assistant U.S. Attorney in Miami, conducted a multi-year intelligence gathering scheme inside the Kingdom of Cambodia without the consent or knowledge of that nation's government.  This USFWS operation included the use of at least one paid Chinese-national as an undercover operative to conduct secret electronic surveillance of multiple Cambodian government officials – including our client – in clear violation of Cambodian law.  To date, despite our repeated inquiries, we have seen nothing to indicate that the prosecutor in Miami or his agents acted with the approval or under the direction of the Office of International Affairs.  Rather, all of the circumstances suggest that these USFWS agents, without authorization, were engaged in a program of espionage against a foreign government with which the United States maintains open and cooperative relations.

We believe this serious misconduct has permeated the U.S. Attorney's Office in Miami and USFWS's investigation of this case, and we respectfully request that an investigation be initiated and appropriate action taken to include a motion to dismiss the Indictment.

**1. USFWS Agents Conducted an Illegal Covert Investigation in Cambodia.**

The criminal investigation in this case was initiated by the USFWS and is internally referred to as "Operation Longtail Liberation."  This operation was not conducted with the consent or knowledge of the Ministry of Justice of Cambodia or any other responsible element of that government.  The evidence in this case clearly establishes that, from 2018 through 2022, agents of the USFWS engaged a paid operative (and a Chinese national) in Cambodia to conduct a sophisticated undercover investigation.

That covert investigation involved the paid operative making secret video recordings of subjects of the investigation, including Cambodian government officials, at the direction of USFWS agents and in direct violation of Cambodian law.  The USFWS covert operative also stole commercial records of a regulated entity within the Kingdom of Cambodia – and delivered these stolen records to the USFWS agents who directed his activities.  This troubling conduct suggests

---

[1] Assistant United States Attorney Thomas Watts-Fitzgerald, Southern District of Florida.



Vaughn A. Ary
August 2, 2023
Page 3

that lawyers for the United States government (a) presented stolen and otherwise illegally-obtained evidence to a grand jury, (b) caused to be issued an indictment that relied upon illegally-obtained evidence, and (c) engaged in a series of activities that raise grave questions regarding the integrity of the criminal investigation that led to the Indictment of Mr. Kry.[2]

The U.S. Attorney's Office in Miami has confirmed that the Cambodian Ministry of Justice was never informed of this covert investigation throughout the nearly five-year period during which this operation was ongoing. Cambodian law prohibits the recording and surveillance of Cambodian citizens on private property[3] – and likewise punishes secret foreign espionage by foreign agents (as does the United States and every other sovereign state). The espionage activities undertaken by the USFWS agents and their paid Chinese informant on private property resulted in clear violations of Cambodian law.

**2. The Government Attorney and Prosecuting Agents Were Required to Engage OIA.**

Section 9-13.500 of the *Justice Manual* requires DOJ attorneys and investigating agents to obtain approval from the Office of International Affairs ("OIA") before attempting any unilateral investigative act outside the United States relating to a "criminal investigation or prosecution, including contacting a witness by telephone or mail." Section 9-13.510 of the *Justice Manual* further instructs that OIA should be contacted as soon as investigating agents become aware that they may need to acquire evidence in another country.

Mr. Kry's counsel have specifically asked the government lawyers in this case to produce records indicating that USFWS agents followed Department of Justice policy and obtained authorization from OIA prior to (i) commencing their foreign intelligence-gathering operation in Cambodia, (ii) engaging a paid informant to act as their agent outside the United States, (iii)

---

[2] This conduct runs afoul of the government lawyer's ethical obligations, which prevent him from obtaining and relying upon illegally-obtained evidence. *See* ABA Ethics R. 3-1.2(b) ("The primary duty of the prosecutor is to seek justice *within the bounds of the law*"); *id.* at 3-3.4(d) ("The prosecutor should . . . not use methods of obtaining evidence that violate legal rights").

[3] Article 301 of the Kingdom of Cambodia Criminal Code provides that intercepting or recording words uttered in private circumstances without the consent of the person concerned, except where authorized by law, is punishable by imprisonment of one month to one year and a fine of one hundred thousand to two million Riels. Article 302 of the Kingdom of Cambodia Criminal Code provides that recording the image of a person who is in a private place, without their consent, except where authorized by law, is punishable by imprisonment of one month to one year and a fine of one hundred thousand to two million Riels.

Case 1:22-cr-20340-KMW   Document 163-1   Entered on FLSD Docket 08/14/2023   Page 5 of 6



Vaughn A. Ary
August 2, 2023
Page 4

secretly recording Cambodian government officials, and (iv) collecting evidence for a U.S. criminal case in Cambodia without the knowledge or consent of Cambodian law enforcement officials. Despite these facts, the lawyer for the government has consistently refused to provide documentation of any such authorization or requests for authorization. *See* Exhibit B, May 8, 2023 Email.

      We are prepared to submit dispositive documentation to support each of the assertions of fact conveyed in this letter. We believe that the Indictment of our client was returned by the grand jury in reliance on evidence developed by unlawful means and in direct contravention of Department of Justice policy and international convention. We would respectfully request that this situation be given immediate attention and appropriate action be taken to include a motion to dismiss the Indictment in this case as it relates to Mr. Kry.

      Sincerely,

      Mark J. MacDougall
      Stacey H. Mitchell

Enclosures
Exhibit A, Indictment in *United States v. Masphal Kry*, Case No. 1:22-cr-20340-KMW.
Exhibit B, May 8, 2023 Email from AUSA T. Watts FitzGerald.

cc:    Bruce C. Swartz
       Deputy Assistant Attorney General
           and Counselor for International Affairs
       U.S. Department of Justice
       Criminal Division
       950 Pennsylvania Avenue, NW
       Washington, DC 20530-0001



Vaughn A. Ary
August 2, 2023
Page 5

Markenzy Lapointe
United States Attorney
United States Attorney's Office
for the Southern District of Florida
99 N.E. 4th Street
Miami, FL 33132

Todd Kim
Assistant Attorney General
Environment and Natural Resources Division
Robert F. Kennedy Department of Justice Building
950 Pennsylvania Avenue NW
Washington, D.C 20530-0001

Deborah L. Harris
Chief, Environmental Crimes Section
Environment and Natural Resources Division
U.S. Department of Justice
4 Constitution Square
150 M St., N.E.
Washington, D.C.  20530

John Byrne
Maderal Byrne & Furst PLLC
2800 Ponce de Leon
Suite 1100
Coral Gables, FL  33134