UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20340-CR-WILLIAMS(s)

UNITED STATES OF AMERICA,

vs.

MASPHAL KRY,

              Defendant .      /

## GOVERNMENT'S NOTICE OF FILING

The United States of America hereby responds to this Honorable Court's Order of February 14, 2024 [D.E.-239], directing the United States to file a Witness List and an Exhibit List in the captioned matter no later than noon, February 19, 2024.

## DISCUSSION

During the course of pre-trial proceedings in this matter, the subject of witness lists and exhibit lists have been addressed on several occasions. The United States was aware from the first such instance that this Honorable Court would require early production of the respective lists by the United States but not require the requested reciprocal disclosure by the defense. However, while other specific deadlines were identified for certain productions, no final date was previously established for these particular productions.

Following the Court's zoom Status Hearing on February 13, 2024, undersigned counsel telephoned counsel for Mr. Kry, in accordance with the Court's direction to contact the Magistrate Judge regarding the *Daubert* issue, and to address several other matters. In

Defendant's Motion To Compel Government Production of Trial Exhibit and Witness Lists [D.E.-237], an abbreviated account of the relevant exchange left unremarked several key points: that the defense was advised that the government was working diligently on the lists in question; that finalization with respect to both witnesses and exhibits would be affected by the Court's rulings on several of the outstanding Motions and the pending Daubert issue;[1] and, while a specific production date was not yet apparent, upon completion of meeting with several potential witnesses *this week*, the government would be in a position to ideally finalize the *Jenks* production and provide better information. The United States suggested that the matter be raised at the upcoming zoom hearing on February 23, 2024.

Aside from the inexplicable omission of the details of the discussion, Defendant's Motion makes the creative but inaccurate claim that this Honorable Court "directed" production of the lists during the January 26 hearing [D.E.-237 at 1].[2] The discussion of the topic at that hearing extended only to the Court reiterating that the government should be working on those productions – which it has. Defendant seems convinced that he possesses some independent entitlement to these lists. The controlling enactments of Congress and the procedural rules of the federal Court's suggest otherwise.

Defendant also makes the incredible assertion that there is a " . . . continuing effort by the government to stymie the efforts of [his] counsel to prepare for trial." *Id.* As suggested in footnote 2, the government has sought to meet or exceed its pre-trial obligations, from

---

[1] This point had been raised to the Court previously – at both the Status Hearing on January 26, 2024, and at the more recent hearing on February 13, 2024.
[2] Had that actually occurred, the government would, as it has with respect to every Order of this Honorable Court, acted in good faith to provide the most complete and accurate lists possible.

whatever source derived. Initial discovery was timely and it has repeatedly been supplemented as additional material or information came to hand. Better than 90% of *Jenks* material in the case was provided in Discovery, starting almost one year ago, in the extensive Reports of Investigation supplied to the defense. Pursuant to the Court's Orders, the cooperator's statements, with the exception of a small amount of more recently obtaind materials, have been in defense possession since September 2023, and the statements of other identified witnesses have already been supplied.

## CONCLUSION

The United States is filing herewith the two Lists, as directed by the Court. However, it is respectfully suggested that the limitation raised by the United States in the past two hearings still applies and the government must necessarily reserve the right to amend the attached lists to accommodate the impact of any Court rulings on the pending Motions.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  /s/ Thomas A. Watts-FitzGerald
Assistant United States Attorney
Florida Bar No. 0273538
99 Northeast 4th Street
Miami, Florida 33132-2111
305-961-9413

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF

/s/Thomas A. Watts-FitzGerald
Assistant United States Attorney