UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20340-WILLIAMS

UNITED STATES OF AMERICA,

vs.

MASPHAL KRY,

        Defendant.

_____

**SUPPLEMENTAL SUBMISSION IN SUPPORT OF MOTION TO DISMISS THE INDICTMENT AND, IN THE ALTERNATIVE, FOR SANCTIONS FOR GOVERNMENT'S DESTRUCTION OF AND LATE DISCLOSURE OF EVIDENCE**

      The government falsely states that no electronic communications between its agents and the Cooperating Witness ("CPI") were lost through the "wiping" of its agents' phones in late-Summer 2023. Materials produced to the defense confirm that the agents communicated with the CPI during the periods in which communications were purportedly lost.[1] Accordingly, due to the government's willful destruction of material evidence, Mr. Kry submits that an appropriate sanction is either (a) dismissal of the Indictment, or (b) an order barring SA Manera and SA Gattorno from providing testimony as the trial continues.

1. **SA Manera**

      The government produced messages between SA Manera and the CPI during the following time periods:

- February 26, 2018 to March 20, 2022 (WhatsApp)
- October 4, 2022 to November 21, 2022 (Signal)

---

[1] As reflected in the demonstrative chart, attached as Exhibit 3.

- September 22, 2023 to December 13, 2023 (text messages)[2]

The government has ***not*** produced any texts or messages between SA Manera and the CPI for the following time periods:

- March 21, 2022 to October 3, 2022
- November 22, 2022 to September 21, 2023

The following facts make clear that the government, or the agents, destroyed communications between SA Manera and the CPI.

First, on October 13, 2022, either SA Manera or the CPI sent a Signal message stating, "Sent you a WhatsApp." *See* ECF 307-2 at 9.[3] The recipient of this message responded with a thumbs-up emoji. *See id.* The WhatsApp messages reference in this Signal exchange were not produced. The Court must conclude that the government's representation that no communications have been lost or destroyed is not factual.

Second, on November 8, 2022, either SA Manera or the CPI instructed the other via Signal, "Bad service, text me." *See* ECF No. 307-2. Clearly SA Manera and the CPI communicated via text message around this time. Yet the government has only produced text messages between SA Manera and the CPI dated ***after*** September 2023. The Signal messages between SA Manera and the CPI provide strong evidence that the government has destroyed text messages with the CPI.

---

[2] The defense's Motion, ECF No. 301 initially represented to the Court that it had text messages from September 2023 to February 2024. This representation was based on the government's representation to the defense. *See* Ex. 1 at 1. The government's production only includes text messages between the CPI and SA Manera through December 13, 2023. *See* Ex. 2 at 39. The final page of the production is cut off, confirming that additional texts were exchanged and not produced. *See id.* The Court should compel the government to produce any subsequent communications and, if destroyed, justify such misconduct.

[3] The Signal messages produced by the government do not clearly designate who wrote the message.

Third, SA Manera declared in her March 12, 2024 affidavit, that "I advised the CPI not to contact me on Signal or Whatsapp applications due to cell phone issues in and around [October/November 2022]." ECF No. 307-2 at 1. It is not evident from SA Manera's affidavit how this direction was given, but no documentary evidence to support this contention has been provided to the defendant.

What is more likely is that SA Manera instructed the CPI to not contact her on Signal or WhatsApp on Monday, September 25, 2023—ten months after the date that she affirmed to be true—as follows: "[M]y WhatsApp and Signal are not online due to IT issues. Text is best. My apologies if you have sent messages on the other apps." *See* Ex. 2 at 1.[4] This text is strong evidence that there had been such messages in the recent past—or the update would be senseless. However, the government has produced no messages (on any platform) between the CPI and SA Manera since March 2022. Consistent with this text message, and as one would expect, the CPI and SA Manera proceeded to communicate via text message from September 25, 2023 through December 13, 2023. *See generally*, *id.*

SA Manera fails to make any representations to the Court regarding efforts to back-up her WhatsApp messages with the CPI. Manera does not declare that she provided all communications with the CPI to the government's attorneys prior to the wiping of her phone in late-Summer 2023. The reason for this omission is that she actually did communicate with the CPI via WhatsApp and text message during this period, and cannot truthfully make such affirmation. SA Manera and the CPI exchanged thousands of WhatsApp messages from February 2018 to May 2022. The government's productions reflect a fifteen-month gap in

---

[4] The message denotes that it was sent on "Mon, Sep 25." September 25, 2023 was a Monday. *See* Ex. 2 at 1. September 25, 2022 was a Sunday. Thus, the Court can easily conclude that this text message was sent in 2023, not 2022.

3

which no messages have been produced. The Court should conclude based on this clear circumstantial evidence, and the communications produced to date, that the government destroyed communications between its agents and the CPI from May 2022 to October 2022, as well as November 2022 to September 2023.

### 2. SA Gattorno

The government produced WhatsApp communications between SA Gattorno and the CPI from August 24, 2022 to May 30, 2023. The government has ***not*** produced any texts or messages between SA Gattorno and the CPI prior to August 24, 2022 and after May 30, 2023.[5] The Court should conclude that the government destroyed communications between SA Gattorno and the CPI for the following reasons.

<u>First</u>, SA Gattorno communicated with the CPI before August 24, 2022 and such messages have not been produced. The first produced WhatsApp communication, dated August 24, 2022, is sent by SA Gattorno and states, "Testing new phone. Please let me know if you receive. Thank you." *See* ECF No. 307-1 at 3. The most reasonable interpretation of this text message is that SA Gattorno and the CPI had previously exchanged messages. Communications from SA Gattorno's previous cell phone were not produced to the defense.

<u>Second</u>, SA Gattorno asserted, two months later, that he did not preserve data from his old cell phone. SA Gattorno sent a WhatsApp to the CPI, stating: "Please send me your gmail address to me [sic], so I can share the folder with you . . . Transferred phones and ***lost the note that had the information***." *See* ECF No. 307-1 at 10 (emphasis added). Any data exchanged between the CPI and SA Gattorno from SA Gattorno's prior device was not produced to the defense.

---

[5] SA Gattorno joined the investigation of this case on or about October 1, 2019.

Third, SA Gattorno communicated with the CPI via WhatsApp after May 2023 and such messages have not been produced. On Monday, December 4, 2023 and Tuesday, December 5, 2023, the CPI sent SA Manera screenshots of contemporaneous conversations he was having with SA Gattorno via WhatsApp. *See* Ex. 2 at 33-35. These communications are material under *Giglio* and the *Jencks Act*: the communications relate to SA Gattorno assisting the CPI in securing immigration benefits as part of his cooperation agreement. *See id.* The government has not produced the WhatsApp messages between SA Gattorno and the CPI in December 2023. The government has failed to produce any WhatsApp communications between SA Gattorno and the CPI dated after May 2023 even though such communications undeniably exist.

SA Gattorno makes no representation to the Court regarding his communications with the CPI prior to August 2022 and after May 2023. Instead, SA Gattorno merely affirms that the government has produced SA Gattorno's backup of WhatsApp communications dated from August 2022 to May 2023. The only explanation with any factual foundation, is that SA Gattorno destroyed communications that took place with the CPI before August 2022 and after May 2023.

## CONCLUSION

For the foregoing reasons, Mr. Kry respectfully moves the Court to dismiss the Indictment due to the government's destruction of material evidence and failure to comply with its discovery obligations. In the alternative, due to the egregious nature of the government's misconduct, Mr. Kry asks that the government be sanctioned, and SA Manera and SA Gattorno be barred from testifying as trial continues.

Dated: March 13, 2024                    Respectfully submitted,

By:     **Stacey H. Mitchell**
Stacey H. Mitchell (*Pro Hac Vice*)
Allison T. Coffin (*Pro Hac Vice*)
Dakota L. Kann (*Pro Hac Vice*)
Jane M. Mahan (*Pro Hac Vice*)
Nicole L. Franklin (*Pro Hac Vice*)
*Counsel for Masphal Kry*
Akin Gump Strauss Hauer & Feld LLP
2001 K Street NW
Washington, DC 20006
Telephone:  (202) 887-4000
Fax:  (202) 887-4288
E-mail:  shmitchell@akingump.com
           acoffin@akingump.com
           dkann@akingump.com
           jmahan@akingump.com

**Mark J. MacDougall**
Mark J. MacDougall (*Pro Hac Vice*)
Paola Pinto (Fla. Bar No. 1013933)
*Counsel for Masphal Kry*
Schertler Onorato Mead & Sears
555 13th Street, N.W., Suite 500 West
Washington, DC 20004
Telephone: (202) 628-4199
E-mail:  mmacdougall@schertlerlaw.com
           ppinto@schertlerlaw.com

**John R. Byrne**
John R. Byrne (Fla. Bar No. 0126294)
*Counsel for Masphal Kry*
Maderal Byrne & Furst PLLC
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Telephone: (305) 520-5690
E-mail:  john@maderalbyrne.com